ROTHNER, SEGALL & GREENSTONE
ANTHONY R. SEGALL (CSB #101340)
E-mail: asegall@rsglabor.com
MICHELE SHERER ANCHETA (CSB #192039)
E-mail: mancheta@rsglabor.com
510 South Marengo Avenue
Pasadena, California 91101-3115
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA LOCAL 831 EMPLOYER HEALTH FUND; BOARD OF TRUSTEES OF THE EMPLOYER PENSION FUND; and BOARD OF TRUSTEES OF THE EMPLOYER TRAINING AND RE-TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL EXPO SERVICE, INC.; ANTHONY DI GIORGIO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 8:17-cv-239<br><br>COMPLAINT FOR DELINQUENT TRUST FUND CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS<br><br>[29 U.S.C. §§185(a), 1132(a)(3) and 1145] |

Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for delinquent contributions due to employee benefit plans. Jurisdiction in this Court is based on §§ 502 and 515 of the Employee

1

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

2. Venue is proper in this Court pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), in that this is the district where defendants do business and the plans are administered.

**PARTIES**

3. Plaintiff Board of Trustees of the Southern California Local 831 Employer Health Fund, Employer Pension Fund and the Employer Training and Re-Training Fund (collectively the "Funds") is, and was at all times material to this complaint, comprised of fiduciaries of employee benefit plans whose administration is jointly managed by representatives of employers and labor organizations and whose assets are held in trust by said representatives under the terms of §302 of the LMRA, 29 U.S.C. § 186. The Trust Funds are "employee benefit plans" as that term is defined in ERISA § 3(3), 29 U.S.C. § 1002(3), and within the meaning of ERISA § 515, 29 U.S.C. § 1145. The Funds are labor-management trust funds created and existing pursuant to collective bargaining agreements between a labor organization, Tradeshow and Sign Crafts Local 831 ("Local 831"), and employers in an industry affecting commerce.

4. Defendant International Expo Service, Inc. ("International Expo") is, and was at all times material to this action, a corporation organized and existing under the laws of the State of California and an employer engaged in interstate commerce and in an "industry affecting commerce" as defined in LMRA § 301(a), 29 U.S.C. § 185(a), and in ERISA § 3(5); 29 U.S.C. § 1002(5).

2

5. International Expo designs, fabricates and project manages tradeshow exhibits.

6. Plaintiff is informed and believes and on that basis alleges that Defendant, Anthony Di Giorgio, is an individual and was at all material times to this action the President of defendant International Expo.

7. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.

8. Plaintiffs are informed and believe, and thereon allege, that at all material times each of the defendants was the agent and/or employee of the remaining defendants and that each was acting within the course and scope of such agency and/or employment. To the extent that the conduct and omissions alleged herein were perpetrated by one or more defendants, the remaining defendants confirmed and ratified such conduct and omissions.

## FACTUAL ALLEGATIONS
### [THE OBLIGATION TO MAKE BENEFIT CONTRIBUTIONS]

9. International Expo is signed to a Collective Bargaining Agreement with Local 831. The Trust Funds have at all times been third party beneficiaries of those collective bargaining agreements. By execution of the collective bargaining agreement, International Expo agreed to abide by the Trust Agreement(s) governing the employee benefit plans.

///
///

10. Under the CBAs and Trust Agreements, Employers are required to file monthly reports and pay employee benefit plan contributions to the Trust Funds. The Trust Funds are labor-management trust funds created and existing pursuant to collective bargaining agreements and declarations of trust ("Trust Agreements") executed and maintained between Tradeshow and Sign Crafts Local Union 831 ("Local 831") and employers in an industry affecting commerce. The Trust Funds are funded exclusively by contributions from participating employers.

11. Plaintiff is informed and believes and thereon alleges that International Expo has failed to comply with the terms of the Agreement, including but not limited to Sections entitled Health and Dental Insurance; Pension; Training Trust Fund; Health Insurance, Pension and Training Trusts Delinquencies and Penalties; and General Provisions on Payment of Wages and Benefits.

12. Plaintiff has performed all conditions required of it under the agreement.

## FIRST CLAIM FOR RELIEF
### [FAILURE TO PAY CONTRIBUTIONS]

13. During the time period from July 2009 through December 2016, defendant International Expo submitted reports to the Trust Funds for work performed by its employees on various projects. The delinquent contributions, in the amount of $296,256.47 are a result of an audit, months of reports submitted without contributions, and shortages for several months.

///

///

4

14.     Because of this failure to pay the required contributions, plaintiffs are entitled under the CBAs and Trust Agreements and pursuant to ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2), to interest and liquidated damages for the unpaid contributions. Accrued interest to date amounts to $89,996.76; liquidated damages are $54,471.54 and an audit fee of $1,350.00 is still due and owing.

15.     Plaintiffs have incurred attorneys' fees and have been otherwise damaged by defendants' failure to pay all required monies. Under the CBA and Trust Agreements and pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to be reimbursed for reasonable attorneys' fees and damages by Employer.

**WHEREFORE**, plaintiffs seek judgment against Defendants as follows:

1. For delinquent contributions due;

2. For liquidated damages on all unpaid contributions;

3. For interest on all unpaid contributions;

4. For reasonable attorney fees and costs incurred;

5. For such other and further relief as this Court deems proper.

DATED: February 9, 2017         ANTHONY R. SEGALL
                                MICHELE S. ANCHETA
                                ROTHNER, SEGALL & GREENSTONE

                                By    /s/Michele Sherer Ancheta
                                      MICHELE SHERER ANCHETA
                                Attorneys for Plaintiffs